IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37347-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| FRANK ALEXANDER | ) | |
| WALLMULLER, | ) | |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — Must an attorney provide to her client file papers ten years after representation of the client and even after the attorney supplied the papers eight years earlier? We answer in the affirmative since the attorney still possesses the file and the attorney shows no prejudice in complying with the request. We reverse the trial court's order denying the client's motion to compel production of the file records.

FACTS

This appeal arises from Frank Wallmuller's request to his former attorney, Melissa

Hemstreet, for copies of the client file. In 2008, the State of Washington charged Frank Wallmuller with several crimes in Kitsap County Superior Court. Attorney Melissa Hemstreet represented Wallmuller in the prosecution. Wallmuller pled guilty to possession of depictions of a minor engaged in sexually explicit conduct.

In 2009, the State of Washington charged and convicted Frank Wallmuller in Mason County Superior Court with other crimes. Hemstreet did not represent Wallmuller in the 2009 prosecution. Wallmuller remains incarcerated for the 2009 crimes.

According to Melissa Hemstreet, Frank Wallmuller, in 2010, requested copies of his 2008 case file. Because of the volume of the file, Hemstreet gained prior approval from the Kitsap County Office of Public Defense to bill for the shipping expenses. Before copying, Hemstreet removed from the file discovery forwarded by the Kitsap County Prosecuting Attorney's office. Her office took several days to copy the file and prepare the papers for sending. Hemstreet's staff verified with the Department of Corrections the best manner to send the file to Wallmuller so that the department would deliver the file to him. Hemstreet's office sent the file contents in a small box to Wallmuller care of the Department of Corrections.

Melissa Hemstreet also sent a copy of her 2008 case file to the attorney representing Frank Wallmuller in the Mason County prosecution. Wallmuller denies knowledge of a copy of the file being sent to his Mason County attorney.

Melissa Hemstreet still possesses Wallmuller's 2008 case file. The file contains a U.S. Postal Service delivery confirmation receipt that the mailing reached the Department of Corrections.

Frank Wallmuller denies receiving any package from Melissa Hemstreet in 2010 or 2011. He asserts that, during January 2011, the Department of Corrections housed him in the Intensive Management Unit at Coyote Ridge Corrections Center in Connell. He claims he remained in Coyote Ridge until the department transferred him to another location on February 24, 2011. Wallmuller declares that he could not receive any small boxes from any sender while he reposed in the intensive management unit.

According to Melissa Hemstreet, her file holds letters, dated January 28, 2011, April 6, 2011, August 23, 2011, and October 19, 2011, written by Frank Wallmuller, in which letters Wallmuller acknowledged receipt of the 2008 case file documents. The record does not include these letters. Wallmuller does not expressly deny sending the letters, but asks that copies be sent to him for review.

On May 3, 2018, Frank Wallmuller wrote to Melissa Hemstreet and asked for a copy of his 2008 Kitsap County prosecution file. He disclosed that he needed the file in order to file a personal restraint petition for release from confinement for the Mason County crime. He plans to challenge Melissa Hemstreet's effectiveness in representation and deems the case file necessary to his challenge. He does not explain how his challenging the effectiveness of Hemstreet's representation will assist in his release from

incarceration for the Mason County conviction, when Hemstreet only represented him in the earlier Kitsap County prosecution.

PROCEDURE

Frank Wallmuller filed a motion in Kitsap County Superior Court to compel Melissa Hemstreet to provide him copies of his 2008 case file. In response, Hemstreet requested denial of the request because she earlier provided copies to Wallmuller. The State asserted it would not authorize the release of any additional discovery because the case involved a sex offense. The trial court denied Wallmuller's motion for production of the case file.

LAW AND ANALYSIS

The only question for our review is whether Melissa Hemstreet must again produce her client file for Frank Wallmuller. The State argues that, since Frank Wallmuller's request comes ten years after Hemstreet's representation of Wallmuller, the request arrived unseasonably and unreasonably late. The State emphasizes that Hemstreet once already copied the file for Wallmuller. The State asks that the attorney's obligation to provide case file materials to a past client be limited in time and number of requests. Without these limitations, the State asserts, the client could abuse any privilege to gain file papers. A dissatisfied client could repeatedly ask for copies of a case file simply to harass a former attorney.

RPC 1.16(d) and CrR 4.7(h)(3) govern whether a criminal accused may gain access to his or her attorney's case file. *State v. Padgett*, 4 Wn. App. 2d 851, 854, 424 P.3d 1235 (2018). RPC 1.16(d) declares:

> *Upon termination of representation,* a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another legal practitioner, *surrendering papers and property to which the client is entitled* and refunding any advance payment of fee that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

(Emphasis added.) A Washington State Bar Association (WSBA) ethics advisory opinion interprets the rule to mean that:

> *At the conclusion of a representation*, unless there is an express agreement to the contrary, the file generated in the course of representation, with limited exceptions, *must* be turned over to the client at the client's request, and if the lawyer wishes to retain copies for the lawyer's use, the copies must be made at the lawyer's expense.

WSBA Rules of Professional Conduct Committee, Advisory Op. 181 (rev. 2009) (emphasis added).

The State advocates modifying the RPC 1.16(d) phrase "upon termination of representation," to include "and for a reasonable time thereafter." The State impliedly contends that the language suggests an obligation to copy the file only immediately after the conclusion of representation. Nevertheless, the rule contains no express time limitation for the request. We decline to impose a deadline for a request.

CrR 4.7(h)(3) states:

> Any materials furnished to an attorney pursuant to these rules shall remain in the exclusive custody of the attorney and be used only for the purposes of conducting the party's side of the case, unless otherwise agreed by the parties or ordered by the court, and shall be subject to such other terms and conditions as the parties may agree or the court may provide. Further, a defense attorney shall be permitted to provide a copy of the materials to the defendant after making appropriate redactions which are approved by the prosecuting authority or order of the court.

(Emphasis added.) Under the combined force of CrR 4.7(h)(3) and RPC 1.16(d), the attorney must engage in disclosure when a criminal defendant requests copies of his or her client file and relevant discovery at the conclusion of representation. *State v. Padgett*, 4 Wn. App. 2d 851, 854 (2018).

Frank Wallmuller forwards a reason for his request for Melissa Hemstreet's file, which reason may be misguided. Nevertheless, the requesting client need not show any need for the disclosure. *State v. Padgett*, 4 Wn. App. 2d at 854-55.

The law affords limits to the attorney's obligation to supply copies of file papers. Counsel may withhold materials if doing so would not prejudice the client. *State v. Padgett*, 4 Wn. App. 2d at 854-55. Examples of papers the withholding of which would not prejudice the client are drafts of papers, duplicate copies, photocopies of research material, and lawyers' personal notes containing subjective impressions such as comments about identifiable persons. In addition, materials may be redacted as approved by the prosecuting attorney or court order, in order to protect against dissemination of

sensitive or confidential information. A protective order may also be entered, if appropriate.

We share the concern of the State of possible abuse of the attorney's duty to provide file papers. We reserve to the trial court the ability to prevent repeated and abusive requests. No facts show abuse of the attorney's obligation by Frank Wallmuller, however. The Department of Corrections may have never delivered the papers to him in 2010 or 2011 or Wallmuller may have misplaced the papers in the meantime. Melissa Hemstreet still possesses the file.

We note that some materials may be redacted from the file before forwarding file papers to Frank Wallmuller. The State may play a role in redaction, although the trial court must retain final say as to the propriety of any redactions. We also render no decision as to how long an attorney must retain a client's file.

CONCLUSION

We reverse the trial court's order denying Frank Wallmuller's motion to compel production of his case file possessed by Melissa Hemstreet. We remand for the superior court to enter an order compelling Hemstreet to produce copies of the file after the proper redactions.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.